IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
OMAHA DIVISION

**CHARLOTTE MAHONEY, Individually and**                **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                           No. 8:21-cv-23

**CATHOLIC HEALTH INITIATIVES**                     **DEFENDANT**
**PHYSICIAN SERVICES, LLC**

## <u>ORIGINAL COMPLAINT—COLLECTIVE ACTION</u>

COMES NOW Plaintiff Charlotte Mahoney ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant Catholic Health Initiatives Physician Services, LLC ("Defendant"), and in support thereof she does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated employed within a three-year period preceding the filing of this Complaint.

2.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other similarly situated employees lawful overtime compensation for hours worked in excess of forty hours per week.

3.      Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the District of Nebraska has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff is an individual and resident of Dodge County.

7.      Defendant is a foreign limited liability company.

8.      Defendant's registered agent for service is C T Corporation System, at 5601 South 59th Street, Suite C, Lincoln, Nebraska 68516.

9.      Upon information and belief, Defendant does business as CHI Health.

10.      Defendant maintains websites at https://www.chihealth.com/ and https://www.catholichealthinitiatives.org/.

## IV.      FACTUAL ALLEGATIONS

11.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.      Defendant is an employer within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13.     Defendant operates hospitals and health centers throughout the United States, including in Nebraska.

14.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as medicine, medical supplies and hospital equipment.

15.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

16.     At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

17.     Plaintiff was employed by Defendant within the three years preceding the filing of this Original Complaint.

18.     Specifically, Plaintiff was employed by Defendant as an Epic Analyst 1 from 2013 until February of 2019.

19.     Defendant classified Plaintiff as exempt from the FLSA and paid her a salary.

20.     Defendant also employed other employees whose job titles were Epic Analyst 1, Epic Analyst 2 and Epic Analyst 3 (collectively "Analysts"). These Analysts had substantially the same job duties and responsibilities, despite the slight variation in their job titles.

21.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

22.     At all relevant times herein, Defendant directly hired Analysts to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23.     As an Analyst, Plaintiff was primarily responsible for performing data entry, setting up new users in Defendant's computer system, and upgrading software.

24.     Other Analysts had similar duties to Plaintiff.

25.     Plaintiff and other Analysts did not hire or fire any other employee.

26.     Plaintiff and other Analysts were not asked to provide input as to which employees should be hired or fired.

27.     Plaintiff and other Analysts did not exercise discretion or independent judgment as to matters of significance.

28.     Plaintiff and other Analysts sought input from their supervisors in lieu of making significant decisions on their own.

29.     Analysts' primary duty was not the application of systems analysis techniques and procedures to determine hardware, software or system functional specifications.

30.     Analysts' primary duty was not the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

31.    Analysts' primary duty was not the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

32.    Analysts were instructed by their supervisors when to update software applications and what changes to make.

33.    Plaintiff regularly worked over forty hours in a one-week period.

34.    Upon information and belief, other Analysts also regularly worked over forty hours in a one-week period.

35.    Plaintiff and other Analysts were not paid overtime wages for hours worked over forty per week.

36.    At all relevant times herein, Defendant has deprived Plaintiff and other Analysts of overtime compensation for all of the hours worked over forty per week.

37.    Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other Analysts violated the FLSA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

38.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

39.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40.    Plaintiff brings her FLSA claims on behalf of all Analysts employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a workweek;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

41.      The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42.      The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B.      They were paid a salary;

C.      They worked over forty hours in at least one week within the past three years;

D.      They had substantially similar job duties and responsibilities; and

E.      They were subject to Defendant's common policy of failing to pay an overtime premium for all hours worked over forty in each week.

43.      Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All Analysts within the past three years.**

44.      Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

45.      Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds five persons.

46.     Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

60.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

61.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

62.     Defendant misclassified Plaintiff as exempt from the overtime protections of the FLSA.

63.     Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate for all hours worked in excess of 40 per week, despite Plaintiff's entitlement thereto.

64.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's

fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

68.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

69.     Plaintiff brings this collective action claim on behalf of all similarly situated Analysts employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours she and they worked in excess of forty each week.

70.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

71.     Defendant failed to pay Plaintiff and all similarly situated Analysts an overtime rate of 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

72.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

74.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Charlotte Mahoney, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.      That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.      A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D.      Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.      Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F.      An order directing Defendant to pay Plaintiff and the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

G.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHARLOTTE MAHONEY, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com